## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **IAN CRACE** | : | **Case No.**   3:20-cv-176 |
| 3225 Maplewood Avenue | : | |
| Springfield, OH  45505, | : | **Judge:** |
| | : | |
| **Plaintiff for himself,** | : | |
| **and all others similarly situated,** | : | |
| | : | |
| **v** | : | |
| | : | |
| **VIKING GROUP, INC** | : | **Jury Demand Endorsed Hereon** |
| Serve Statutory Agent: | : | |
| Todd Rogers | : | |
| 2215 Arbor Boulevard | : | |
| Moraine, OH  45539, | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff Ian Crace ("Plaintiff") individually and on behalf of other members of the general public similarly situated, and proffer this Complaint for damages against Defendant Viking Group, Inc. d/b/a Donatos (hereinafter, "Defendant").

## PRELIMINARY STATEMENT

1.     Plaintiff Ian Crace ("Plaintiff"), on behalf of himself and all similarly-situated individuals, brings this action against Defendant Viking Group, Inc. ("Defendant").  Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendant's willful failure to compensate Plaintiff and similarly-situated individuals with minimum and overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"), the Ohio Minimum

Fair Wage Standards Act, O.R.C. § 4111.01, *et seq.*, ("OMFWSA"), the Ohio Constitution, Article II, Section 34 ("Section 34a"), and O.R.C. § 4113.15.

2.      Defendant operates 19 Donatos restaurants in the Dayton and Springfield, Ohio areas.

3.      Plaintiff worked at two of Defendant's Springfield, Ohio locations as a delivery driver.

4.      Defendant repeatedly violated the FLSA, OMFWSA, and Section 34a by improperly applying a tip credit to delivery driver wages, and thereby failing to pay delivery drivers the legally mandated minimum wage for all hours worked, and minimum overtime rate for hours worked in excess of 40 per workweek.

5.      Defendant maintains a policy and practice of underpaying their delivery drivers in violation of the FLSA, Section 34a, OMFWSA, and O.R.C. § 4113.15.

6.      Defendant maintains a policy and practice of requiring delivery drivers to spend approximately half of their time at work completing non-tipped duties inside the restaurant, but were nonetheless compensated at minimum wage minus a "tip credit" for almost all hours worked.

7.      Defendant also maintains a policy and practice of requiring delivery drivers to falsely report tips in order for the delivery drivers' hourly wage plus tipped amounts to equal minimum wage and overtime requirements.

8.      Plaintiff brings this action on behalf of himself and similarly situated current and former delivery drivers who elect to opt in pursuant to FLSA, 29 U.S.C. § 216(b) to remedy violations of the FLSA wage and hour provisions by Defendant.

9.      Plaintiff also brings this action on behalf of himself and similarly situated current and former delivery drivers in Ohio, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of Section 34a, OMFWSA, and O.R.C. § 4113.15.

## JURISDICTION AND VENUE

10.     This action is brought pursuant to the FLSA, 29 U.S.C. § 201, et seq., the Ohio Constitution Art. II, § 34a, the OMFWSA, O.R.C. § 4111, *et seq.*, O.R.C. § 4113.15, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 *et seq.*, and 28 U.S.C. § 1331 and § 1343(a)(4).

11.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 which provides for original jurisdiction of Plaintiff's claims arising under the laws of the United States.

12.     This Court's jurisdiction is also predicated upon 28 U.S.C. § 1367 as this Class Action Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

13.     Venue is proper in this forum pursuant to 28 U.S.C. §1391 because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and performed his job duties there and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

14.     Plaintiff is an individual, a United States citizen, and resides in the Southern District of Ohio.  Further, at all times material herein Plaintiff worked within the boundaries of the Southern District of Ohio for Defendant.

15.     At all times relevant herein, Plaintiff was an "employee" of Defendant as defined in the FLSA, OMFWSA, Section 34a, and the FMLA.

3

16.     At all times relevant herein, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2).

17.     Plaintiff has given written consent to join this action, a copy of which is attached to this Class Action Complaint.

18.     Defendant Viking Group, Inc. is an Ohio corporation, with its principal place of business in Ohio.  Defendant does business as "Donatos" in the Southern District of Ohio.

19.     At all times relevant herein, Defendant was a covered "employer" as that term is defined in the FLSA, OMFWSA, Section 34a, and O.R.C. § 4113.15.

20.     At all times relevant to this action, Defendant was engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

21.     Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant has annual gross volume sales and/or business in an amount not less than $500,000.00.

22.     At all relevant times herein, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4)(A) of the FMLA.

23.     Plaintiff brings this action on his behalf and on behalf of those similarly situated, and Plaintiff has given written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA.  The consent form is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b).  (Attached as Exhibit A).

**FACTUAL BACKGROUND**

**CLASSWIDE FACTUAL ALLEGATIONS**

24.     During all relevant times, Defendant has operated Donatos pizza restaurants.

25.     The primary function of Defendant's restaurants is to sell pizza and other food items to customers, whether they dine-in, carry out, or have their food delivered.

26.     Each of Defendant's restaurants employs delivery drivers who are primarily responsible for delivering pizzas and other food items to customers' homes and workplaces.

27.     Defendant's restaurants are typically open from 10:30 a.m. through 11:00 p.m. from Sunday through Thursday and 10:30 a.m. through 12:00 a.m. on Friday and Saturday.

28.     Plaintiff seeks to represent current and former delivery drivers employed by Defendant.

29.     All delivery drivers employed at Defendant's restaurants over the last three years have had essentially the same job duties—deliver pizza and other food items to customers.

30.     When there are no deliveries to make, Defendant's delivery drivers are required to work inside Defendant's restaurants building pizza boxes, cleaning dishes, taking out trash, cleaning other parts of the restaurant, preparing food items, taking orders, and completing other duties inside the restaurant as necessary.

31.     Delivery drivers regularly spend half of their work time completing duties inside the store for which they cannot and do not receive tips.

32.     However, at all relevant times, Plaintiff and similarly situated delivery drivers have been paid minimum wage minus a tip credit for the hours they have spent working inside Defendant's restaurants.

33.     Defendant generally responded to employee complaints regarding unpaid hours by telling employees that they were free to work somewhere else.

## PLAINTIFF'S INDIVIDUAL FACTUAL ALLEGATIONS

34.     Consistent with their policies, patterns, and practices as described herein, Defendant harmed Plaintiff, individually, as follows:

35.     Plaintiff began working in 2014 at Defendant's restaurant located at 732 Burnett Road, Springfield, Ohio 45505. Plaintiff worked at that location for Defendant until the summer of 2019. At that time, Plaintiff transferred to Defendant's restaurant located at 1712 N. Limestone Avenue, Springfield, Ohio 45503. Plaintiff worked at that location for Defendant until March 18, 2020.

36.     Plaintiff typically worked 40 hours per week for Defendant.

37.     As a delivery driver, Plaintiff delivered pizza and other items to Defendant's customers' homes and businesses.

38.     When he was not making deliveries, Plaintiff worked inside the restaurant, completing tasks such as taking orders building pizza boxes, taking out trash, cleaning dishes, mopping and sweeping, and completing other general tasks within the store.

39.     Plaintiff regularly spent more than twenty percent of his work time, and often half of his work time, completing in-store duties that would not and did not generate tips.

40.     At all times during his employment, Plaintiff was qualified to perform the essential functions of his job and has performed his duties competently.

41.     Defendant paid Plaintiff minimum wage minus a tip credit for all hours worked, whether he was making deliveries or working inside the restaurant. Since March 2017, Plaintiff's hourly rate was as followed: 2017 - $4.08; 2018 - $4.15; 2019 - $4.30; and, 2020 - $4.35.

42.     Plaintiff typically worked with 3 to 5 other delivery drivers during each shift he worked for Defendant.  Plaintiff witnessed the other delivery drivers spend an equal amount of their time relevant to their overall time working performing work inside the restaurant, including but not limited to, completing tasks such as taking orders building pizza boxes, taking out trash, cleaning dishes, mopping and sweeping, and completing other general tasks within the store.

43.     Plaintiff is aware that the other delivery drivers were, likewise, paid minimum wage minus a tip credit for all hours worked, whether they were making deliveries or working inside the restaurant.

44.     In late 2019, Plaintiff was seen by his primary care physician due to anxiety and depression.  Plaintiff's primary care physician referred him to a counselor, who diagnosed him with PTSD.

45.     On or about January 30, 2020, Plaintiff's primary care physician submitted paperwork on behalf of Plaintiff requesting intermittent leave under the FMLA.  Specifically, Plaintiff's primary care physician requested that Plaintiff be approved for one day a week of intermittent leave.

46.     Starting in approximately February 2020, Plaintiff began seeing the counselor on a weekly basis.

47.     On or about Saturday, March 14, 2020, Plaintiff began experiencing a panic attack while at work due to his anxiety.  As such, Plaintiff informed the Manager-in-Charge, Mike l/n/u, that he needed to leave work and needed to take FMLA leave.

48.     On the day Plaintiff was to return to work, Wednesday, March 18, 2020, Plaintiff was notified that he was crossed off the schedule for that day.  As such, Plaintiff contacted the General Manager, Ed Carranza.

49.     During their call, Mr. Carranza informed Plaintiff that Defendant was terminating his employment when he left work during his previous shift, March 14, 2020.

50.     Plaintiff responded to Mr. Carranza by telling Mr. Carranza that he left work during his shift on March 14, 2020 in order to take FMLA leave.  Plaintiff informed Mr. Carranza that he told the Manager-in-Charge, Mike l/n/u, that he needed to leave that day due to his FMLA leave.

51.     Mr. Carranza told Plaintiff that he did know Plaintiff was approved for FMLA until that day.  Despite being told that information, Defendant terminated Plaintiff's employment.

## COLLECTIVE ALLEGATIONS

52.     Plaintiff brings the First and Second Counts on behalf of himself and all similarly situated current and former delivery drivers employed at Defendant's restaurants during the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

53.     At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendant's decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiff and the FLSA Collective minimum wage for all hours worked and time-and-one-half overtime pay for hours worked in excess of 40 per workweek.  Plaintiff's claims are essentially the same as those of the FLSA Collective.

54.     Defendant's unlawful conduct is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay Plaintiff and the FLSA Collective.

55.     Defendant is aware or should have been aware that federal law required it to pay employees minimum wage for all hours worked.

56.     Defendant is aware or should have been aware that federal law required them to pay non-exempt employees an overtime premium for hours worked over 40 per workweek.

57.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

58.     The First and Second Counts are properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

59.     The FLSA Collective members are readily identifiable and ascertainable.

60.     For the purpose of notice and other purposes related to this action, the FLSA Collective members' names and addresses are readily available from Defendant's records.

61.     In recognition of the services Plaintiff has rendered and will continue to render the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

62.     Plaintiff brings the Third, Fourth, and Fifth Counts under Federal Rule of Civil Procedure 23, on behalf of himself and a class of persons consisting of:

> All persons who work or worked as Delivery Drivers and similar employees for Viking Group, Inc. in Ohio between May 6, 2017 and the date of final judgment in this matter ("Rule 23 Class").

63.     Excluded from the Rule 23 Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

64.     The number and identity of the Rule 23 Class members are ascertainable from Defendant's records.  The hours assigned and worked, the positions held, and the rates of pay and reimbursement for each Rule 23 Class Member are also determinable from Defendant's records.

For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by any means permissible under Federal Rule of Civil Procedure 23.

65.    The Rule 23 Class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

66.    There are more than 100 Rule 23 Class members.

67.    Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

68.    Plaintiff and the Rule 23 Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wage.

69.    Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with OMFWSA, Section 34a, and O.R.C. § 4113.15.

70.    Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected all Rule 23 Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class members.

71.    Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

72.    By seeking to represent the interests of the Rule 23 Class members, Plaintiff is exercising and intends to exercise his right to engage in concerted activity for the mutual aid or benefit of himself and his co-workers.

73.     Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

74.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

75.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendant.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.    Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant saving of these costs.   The prosecution of separate actions by individual class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class members, establishing incompatible standards of conduct for Defendant and resulting in the impairment of the Rule 23 Class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of

common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

76. Upon information and belief, Defendant and other employers throughout the state violate the OMFWSA, Section 34a, and O.R.C. § 4113.15. Current employees are often afraid to assert their rights out of fear of direct and indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

77. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

78. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

      a. Whether Defendant paid Plaintiff and the Rule 23 Class members are at the proper minimum wage rate for all hours worked;

      b. Whether Plaintiff and the Rule 23 Class members spent more than 20% of their time at work in a non-tipped capacity;

      c. Whether Defendant properly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 each workweek;

      d. Whether Defendant failed to pay Plaintiff and the Rule 23 Class in a timely manner as described by O.R.C. § 4113.15;

      e. Whether Defendant's policy of failing to pay Plaintiff and the Rule 23 Class was instituted willfully or with reckless disregard of the law; and

      f. The nature and extent of class-wide injury and the measure of damages for those injuries.

**CAUSES OF ACTION**

**COUNT I**
**Failure to Pay Minimum Wage – Fair Labor Standards Act**
**(On Behalf of Plaintiff and the FLSA Collective)**

79.     All of the preceding paragraphs are realleged as if fully rewritten herein.

80.      Plaintiff and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

81.     Defendant required Plaintiff and the FLSA Collective to spend more than 20 percent of their time performing non-tipped work within Defendant's restaurant while paying them an hourly wage below the minimum wage requirements.

82.     By the acts and conduct described above, Defendant willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

83.     Plaintiff and the FLSA Collective have been damaged by Defendant's willful failure to pay minimum wage as required by law.

84.     As a result of Defendant's violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

**COUNT II**
**Failure to Pay Overtime Wages – Fair Labor Standards Act**
**(On Behalf of Plaintiff and FLSA Collective)**

85.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

86.     Plaintiff and the FLSA Collective worked more than forty hours in one or more workweeks.

87.     Because Defendant required Plaintiff and the FLSA Collective to work well beyond 20 percent of their time performing non-tipped work in the Defendant's restaurant while Defendant paid Plaintiff and the FLSA Collective below minimum wage, Defendant did not pay Plaintiff and the FLSA Collective at least one and a half times their legally required rate for time worked in excess of forty hours per workweek.

88.     By not paying Plaintiff and the FLSA Collective proper overtime wages for time worked in excess of forty hours in a workweek, Defendant has willfully violated the FLSA.

89.     As a result of Defendant's willful violations, Plaintiff and the FLSA Collective are entitled to damages, including but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

## COUNT III
### Failure to Pay Minimum Wages – Ohio Constitution, Article II, § 34a
### (On Behalf of Plaintiff and the Rule 23 Class)

90.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

91.     Defendant paid Plaintiff and the Rule 23 Class below minimum wage for the hours they worked by requiring them to spend significantly more than 20% of their time performing non-tipped work while being paid an hourly wage below minimum wage.

92.     Article II § 34a of the Ohio Constitution requires that employees be paid not less than minimum wage as determined by an inflation index (currently $8.70/hour) for all hours worked.

93.     Because Defendant required Plaintiff and the Rule 23 Class to work well beyond 20 percent of their time performing non-tipped work in the Defendant's restaurant while Defendant

paid Plaintiff and the Rule 23 Class below minimum wage, Defendant did not pay Plaintiff and the Rule 23 Class their legally required minimum wage amount.

94.     By not paying Plaintiff and the Rule 23 Class their minimum wage amount, Defendant has willfully violated the Ohio Constitution, Article II, § 34a.

95.     As a result of Defendant's violations, Plaintiff and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, an additional two times unpaid wages/unreimbursed expenses in damages under Section 34a, costs, and attorneys' fees.

## COUNT IV
**Failure to Pay Overtime Wages – Ohio Minimum Fair Wage Standard Act**
**(On Behalf of Plaintiff and the Rule 23 Class)**

96.      Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

97.     Plaintiff and the Rule 23 Class worked more than forty hours in one or more workweeks.

98.     Because Defendant required Plaintiff and the Rule 23 Class to work well beyond 20 percent of their time performing non-tipped work in the Defendant's restaurant while Defendant paid Plaintiff and the Rule 23 Class below minimum wage, Defendant did not pay Plaintiff and the Rule 23 Class at least one and a half times their legally required rate for time worked in excess of forty hours per workweek.

99.     By not paying Plaintiff and the Rule 23 Class proper overtime wages for time worked in excess of forty hours in a workweek, Defendant has willfully violated the OMFWSA.

100.     As a result of Defendant's willful violations, Plaintiff and the Rule 23 Class are entitled to damages, including but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

## COUNT V
### Untimely Payment of Wages – O.R.C. § 4113.15
### (On Behalf of Plaintiff and the Rule 23 Class)

101.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

102.     During all relevant times, Defendant was an entity covered by O.R.C. § 4113.15, and Plaintiff and the Rule 23 Class were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

103.     O.R.C. § 4113.15(A) requires that Defendant pay Plaintiff and the Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

104.     Plaintiff and the Rule 23 Class's unpaid wages and unreimbursed expenses have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

105.     As a result of Defendant's willful violation, Plaintiff and the Rule 23 Class are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15

## COUNT VI
### Interference – Violation of the Family and Medical Leave Act
### (On Behalf of Plaintiff)

106.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

16

107.    Plaintiff was an eligible employee to take FMLA when he needed to take off for his "serious health condition," because he worked more than one thousand two hundred fifty hours (1,250) for Defendant prior to that date and Defendant employed Plaintiff for more than twelve (12) months prior to that date.

108.    Plaintiff's anxiety, depression, and PTSD constituted "serious health conditions" under the FMLA because, among other reasons, they are chronic serious health conditions that require him to receive treatments at least twice a year, have continued over extended periods of time, and cause him episodic periods of incapacity.

109.    Plaintiff's "serious health conditions" are qualifying events for leave under the FMLA, entitling Plaintiff to twelve (12) weeks of job-protected leave.

110.    Plaintiff put Defendant on notice that he needed FMLA leave for his serious health condition by, at a minimum, applying for FMLA leave.

111.    Defendant knew that Plaintiff's serious health condition qualified for FMLA leave because Defendant approved.

112.    Plaintiff put Defendant on notice that he needed FMLA leave on or about March 14, 2020 by notifying the Manager-in-Charge, Mark l/n/u, he needed to leave work that day and needed to take FMLA leave.

113.    Defendant interfered with Plaintiff's FMLA rights by terminating Plaintiff's employment for taking leaving on March 14, 2020, as that day was job-protected leave under the FMLA.

114.    Defendant lacked good faith and/or reasonable grounds to believe they had not violated the FMLA in its discharge of Plaintiff.

115.    Defendant's violations of the FMLA entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant, jointly and individually, for an Order:

WHEREFORE, Plaintiff, Ian Crace, prays for all of the following relief:

A.      Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and his counsel to represent the collective action members.

B.      Unpaid minimum wages, overtime pay, reimbursement of expenses, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.      A declaratory judgment that the practices complained of herein are unlawful under Section 34a, the OMFWSA, and O.R.C. § 4113.15.

F.      An award of unpaid minimum wages, overtime wages, and unreimbursed expenses due under §34a and the OMFWSA.

G.      An award of damages under §34a, based on Defendant's failure to pay minimum

wages pursuant to §34a, calculated as an additional two times of back wages.

H.      Liquidated damages under O.R.C. § 4113.15 and the OMFWSA.

I.      An award of prejudgment and post-judgment interest.

J.      An award of costs and expenses of this action, together with reasonable attorneys'

fees and expert fees.

K.      Such other legal and equitable relief as the Court deems appropriate.


                                    Respectfully submitted,

                                    /s/ Bradley L. Gibson
                                    Bradley L. Gibson (0085196)
                                    **GIBSON LAW, LLC**
                                    9200 Montgomery Road, Suite 11A
                                    Cincinnati, OH  45242
                                    brad@gibsonemploymentlaw.com
                                    513.834.8254 [T]
                                    513.834.8253 [F]

                                    Counsel for Plaintiff


## JURY DEMAND

Plaintiff demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.


                                    /s/ Bradley L. Gibson
                                    Bradley L. Gibson (0085196)

19