UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

IAN CRACE,

    Plaintiff,

vs.

VIKING GROUP, INC.,

    Defendant.

Case No. 3:20-cv-176

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) DENYING THE PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL OF THEIR FLSA COLLECTIVE ACTION SETTLEMENT (Doc. No. 43); (2) INSTRUCTING THE PARTIES TO ADMINISTER THEIR FLSA SETTLEMENT WITHOUT COURT APPROVAL; AND (3) REQUIRING THE PARTIES TO FILE A JOINT STATUS REPORT, BY JANUARY 8, 2025, INDICATING WHETHER THEIR JOINT MOTION FOR PRELIMINARY APPROVAL OF THEIR CLASS ACTION SETTLEMENT AND THE PROPOSED CLASS IS MOOT**

---

Plaintiff Ian Crace brings this case individually and on behalf of all others similarly situation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code §§ 4111.01, *et seq.*; and the Ohio Constitution.  Doc. No. 1 at PageID 1-2.  The case is pending upon the parties' joint motion for preliminary approval of their class and collective action settlement and certification of the proposed settlement class.  Doc. No. 21.

In May 2024, Judge Cole—also in the Southern District of Ohio—issued an Opinion and Order denying a motion for collective action settlement approval under the FLSA.  *See Gilstrap v. Sushinati LLC*, – F.Supp.3d –, No. 1:22-cv-434, 2024 WL 2197824, at *1 (S.D. Ohio May 15, 2024).  Judge Cole explained that the Court "[l]acks authority to pass on the fairness or propriety of a proposed private settlement agreement among the parties." *Id.*  Judge Cole determined that

district courts do not have authority to reject or approve FLSA settlements, based on the text of the statute itself and precedent established in the Supreme Court and the Sixth Circuit. *Id.* at *2-12. This Court agrees with Judge Cole's well-reasoned opinion in *Gilstrap* and instructs the parties to administer the FLSA settlement under Fed. R. Civ. P. 41(a) and as agreed-upon in the terms of their private settlement agreement.

Accordingly, the Court **DENIES** the parties' joint motion for approval of the parties' FLSA settlement (Doc. No. 21) on the ground that it lacks authority to grant it. To terminate this case, the parties may file a stipulation of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii). The Court **INSTRUCTS** the parties to administer the FLSA settlement without Court approval. With respect to the settlement itself, the Court observes that the parties may enter into any contract they wish—this Court currently expresses no opinion on such a contract's enforceability or fairness. *See Gilstrap*, 2024 WL 2197824, at *13.

In addition, to the extent the parties also jointly move for preliminary approval of a class-action settlement of Plaintiff's claims under Ohio law, and also ask the Court to take additional steps (Doc. No. 21 at PageID 316-17), the parties' joint motion may be moot due to their agreement to settle Plaintiff's FLSA collective action. *Cf. Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023) (distinguishing FLSA collective actions from state-law class actions). Consequently, the parties are **ORDERED** to **FILE** a joint status report, by **January 8, 2025**, indicating whether their joint motion for preliminary approval of the class-action settlement is moot.

**IT IS SO ORDERED**.

  December 20, 2024                                   s/Michael J. Newman
                                                                 Hon. Michael J. Newman
                                                                 United States District Judge