UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IAN CRACE, et al., for himself and others similarly situated, | : : | Case No. 3:20-cv-176 |
| | : | |
| | : | Judge Michael J. Newman |
| Plaintiffs, | : : | |
| | : | Magistrate Judge Caroline H. Gentry |
| v. | : : | |
| VIKING GROUP, INC., | : : | |
| Defendant. | : | |

ORDER GRANTING THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS (Doc. No. 56)

These matters came before the Court on the Parties' Joint Motion for Final Approval of Class Settlement and Certification of Settlement Class ("Joint Final Approval Motion"). Doc. No. 56. The Court, having considered the Parties' Class Action Settlement and Release Agreement (hereinafter, "Settlement Agreement"), the papers in support of the Joint Final Approval Motion, the submissions and arguments of counsel during the Fairness Hearing, and all other materials properly before the Court, hereby finds and orders as follows:

1. The Court grants final approval of the $1,000,000.00 Settlement Fund memorialized in the Settlement Agreement.  Capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. The Court finds that the Settlement Fund was the product of protracted, arms-length negotiations between experienced counsel.  The Court grants final approval of the Settlement Fund,

1

including the releases and other terms, as fair, reasonable, and adequate as to the Class Representative, Class Members, and Defendant.

3. The Court finds that there were zero (0) written objections to the Settlement Fund.

4. The Court finds that there were zero (0) opt-outs of the Settlement Fund.

5. The Court finds that the procedures for notifying the Class Members about the Settlement Funds, including the Notices, constituted the best notice practicable under the circumstances to all Class Members, and fully satisfied all necessary requirements of due process. Based upon the evidence and other materials submitted to the Court, the Notices to Class Members provided adequate, due, sufficient, and valid notice of the Settlement Fund.

6. For settlement purposes only, the Court certifies the following Settlement Class, as defined in the Settlement Agreement, pursuant to Federal Rule of Civil Procedure 23(e) ("Class") and finds that it satisfies the applicable standard for certification under Federal Rule of Civil Procedure 23:

    a. All current and former employees of Defendants who worked for Defendant Viking Group, Inc. as delivery drivers or similar employees in Ohio between May 6, 2017, and January 17, 2023, who worked in-store while receiving tipped hourly rate, and who did not opt out of the Class Action.

7. The Court finds that final approval of the Service Award in the amount of $10,000.00 to Plaintiff Ian Crace is appropriate in light of his service and assistance in the prosecution of this action.

8. Class Counsel's requests for attorney's fees and litigation costs and expenses in this action is approved. Accordingly, Class Counsel are hereby awarded $333,333.33, or one-third of the Settlement Fund, in fees; and $16,488.83 for reimbursement of litigation costs and expenses,

which the Court finds were reasonably incurred in the prosecution of these matters.  Class Counsel is well qualified, experienced, and have aggressively litigated these matters, thereby demonstrating their adequacy as counsel for the Class Members.  The Court finds that these amounts are justified by the work performed, risks taken, and the results achieved by Class Counsel.

9. The Parties are ordered to carry out the Settlement Fund according to the terms of the Settlement Agreement.

10. The Court shall retain jurisdiction over the interpretation and implementation of this Settlement Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Settlement Agreement and of the settlement contemplated thereby.

11. The Litigation is hereby dismissed with prejudice.

12. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

December 5, 2025                                         s/*Michael J. Newman*
                                                         Hon. Michael J. Newman
                                                         United States District Judge